**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema,<br><br>                Petitioner,<br><br>v.<br><br>State of Arizona,<br><br>                Respondent. | No. CR-15-00834-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant Victor O. Dema's Notice of Removal (Doc. 1), which the Court will treat as a petition for removal of criminal prosecution pursuant to 28 U.S.C. § 1455(a). Dema seeks to have his criminal case removed from Mesa Municipal Court. For the following reasons, the petition will be denied, and the case will be summarily remanded.

Under 28 U.S.C. § 1455(b)(4), the Court must promptly examine any notice of removal of a state criminal prosecution and summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." Dema is charged with hindering prosecution in the second degree and contributing to the dependency or delinquency of a minor. (Doc. 2 at 11.) In the petition, Dema argues the charges against him constitute "vindictive prosecution[]" and "selective enforcement" that are "motivated by racial animus in promotion and continuation of state court policies of racial discrimination and cultural intimidation." (Doc. 1 at 1.)

On the face of the notice, Mr. Fisher relies on 28 U.S.C. § 1446, which applies only to removal in civil actions, and § 1447, which describes post-removal procedures

1  but does not confer any substantive right to remove from state court. In the interest of
2  liberally construing the pleadings in order to protect a pro se litigant, *Erickson v. Pardus*,
3  551 U.S. 89, 94 (2007), the Court will treat the petition as one for removal under 28
4  U.S.C. § 1443, the only plausible authority under which this case might be removed.
5  That provision allows for removal of "civil rights cases," including criminal prosecutions
6  "[a]gainst any person who is denied or cannot enforce in the courts of such State a right
7  under any law providing for the equal civil rights of citizens of the United States, or of all
8  persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).

9  Generally, removal jurisdiction under § 1443 is very limited. Removal is not
10 supported by a showing that "a defendant's federal equal civil rights have been illegally
11 and corruptly denied by state administrative officials in advance of trial, that the charges
12 against the defendant are false, or that the defendant is unable to obtain a fair trial in a
13 particular state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966).
14 Indeed, the "vindication of a defendant's federal rights is left to state courts except in the
15 rare situations where it can be clearly predicted by reason of the operation of a pervasive
16 and explicit state or federal law that those rights will inevitably be denied by the very act
17 of bringing the defendant to trial in the state court." *Id.*

18 As a result, a defendant seeking removal of a criminal prosecution under § 1443
19 must satisfy a two-prong test in the petition. *Johnson v. Mississippi*, 421 U.S. 213, 219-
20 20 (1975). First, the petitioner must show that the right allegedly denied "arises under a
21 federal law providing for specific rights stated in terms of racial equality." *Id.* (citation
22 omitted). In other words, claims that a criminal prosecution will violate rights under
23 constitutional and statutory provisions of "general applicability" do not allow a defendant
24 to remove a case from state court. *Id.* at 219. Second, the petitioner must show that he is
25 being denied or cannot enforce specific federal rights in the state court. *Id.* at 219-20.

26 In this case, Dema claims his state court prosecution is an act of "racial
27 discrimination." But even assuming this allegation satisfies *Johnson*'s first prong, Dema
28 has not shown that the denial of his federal rights is "manifest in a formal expression of

1  state law, such as a state legislative or constitutional provision, rather than a denial first
2  made manifest at the trial of the case." *Id.* at 219 (citation and internal quotation marks
3  omitted).  There is no evidence that a "pervasive and explicit state or federal law" will
4  inevitably deny Dema his federal rights. *Id.* at 220.  As a result, it appears clear from the
5  face of his petition that removal should not be permitted, and the case must be summarily
6  remanded.  28 U.S.C. § 1455(b)(4).  To the extent that Dema has alleged a denial of
7  rights guaranteed to him under federal law, there are many other remedies available in the
8  federal courts to redress those wrongs.  *City of Greenwood*, 384 U.S. at 828-29.  Removal
9  of this criminal prosecution is simply not a remedy available to him.

10  IT IS THEREFORE ORDERED that this case is summarily remanded, and the
11  clerk shall remand the case to the Mesa Municipal Court.

12  Dated this 10th day of July, 2015.

_____
Neil V. Wake
United States District Judge